**FILED**

JUL 2 6 2011

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NYRON NICHOLS 12484-084
U.S.P.LEE     UNIT E
P.O.BOX 305
JONESVILLE, VA 24263

Plaintiff,

Case: 1:11-cv-01357
Assigned To : Wilkins, Robert L.
Assign. Date : 7/26/2011
Description  FOIA/Privacy Act

VS.

OFFICE OF GENERAL COUNSEL (OGC)
ATTN: FOIA SERVICE CENTER
320 FIRST  STREET, N.W.
WASHINGTON, DC 20534

BUREAU OF ATF
DISCLOSURE DIVISION
99 NEW YORK AVENUE, SUITE 1E400
WASHINGTON, DC 20226

FOIA/PRIVACY STAFF
EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
600 E. STREET, NW, ROOM 7300
WASHINGTON, DC 20530

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to order the production of agency records, consisting of all records pertaining to myself, and specific records as maintained by the **Office of General Counsel ("OGC"); Executive Office for United States Attorney ("EOUSA"); and Bureau of Alcohol, Tobbacco, Firearm and Explosives ("ATF").**

Plaintif Nyron Nichols (Pro Se), register number 12484-084, is a Federal inmate at the United States Penitentiary, P.O.Box 305, Jonesville, VA 24263, and is the requester of the withheld records.

**JURISDICTION**

This Court has Jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)



RECEIVED
Mail Room

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## TABLE OF CONTENTS

1. Jurisdiction.............................................................. p.1

I. OGC FOIA REQUEST FOR PHONE CALLS MADE ON THE INMATE TELEPHONE
  SERVICES AT LEE COUNTY PENITENTIARY....................................... P.2

II. EOUSA FOIA REQUEST FOR ENTIRE CASE FILE.................................. P.5

III. ATF FOIA REQUEST FOR INVESTIGATIVE REPORTS & STATEMENT FROM
  MR. BYRON LAMONT BRANDON PERTAINING TO PLAINTIFF.......................... p.5

IV. EOUSA FOIA REQUEST FOR STATEMENTS FROM MR. DANNY LEE CLEMENT
  PERTAINING TO PLAINTIFF................................................... P.7

V. EOUSA FOIA REQUEST FOR STATEMENTS FROM MR. BYRON LAMONT BRANDON
  PERTAINING TO PLAINTIFF.................................................. p.10

VI. ATF FOIA REQUEST FOR SPECIFIC REQUEST................................... p.11

VII. ATF FOIA REQUEST FOR FULL LABORATORY REPORT CREATED BY THE
  FIREARM TECHNOLOGY BRANCH & MISSING LABORATORY REPORT (EXHIBIT 1)
  FROM THE MID-ATLANTIC LABORATORY......................................... p.12

CONCLUSION................................................................. p.13

CERTIFICATE OF SERVICE..................................................... p.14

## I. OGC FOIA REQUEST

1. By letter dated November 29, 2010, Plaintiff requested through and by means of FOIA for several phone calls made by him on the Inmate Telephone Services ("ITS") at Lee County Penitentiary, to an individual by the name of Nicole Monique Baker at phone #: 704-713-2385. Attached was a Certificate of Identity ("COI") confirming that Plaintiff is the requester. See United States postal Services delivered at 7:26am on December 6, 2010, tracking #: 7002 3150 0000 1047 4008.

2. On December 6th, 2010, Plaintiff sent a supplement to the initial FOIA Request in ¶ 1. requesting two additional phone calls to Shakeba McMillan at phone #: 518-381-3903. Attached to this request was a Certificate of Identity from Plaintiff, and Ms. McMillan, confirming that the OGC is authorized to release the requested calls to Plaintiff.

3. On December 20th, 2010, Plaintiff sent a second supplement to his initial FOIA Request in ¶ 1, requesting two additional phone calls to Ms. Nicole Baker at 704-713-2385. Attached was a Certificate of Identity confirming that Plaintiff is the requester. See United States Postal Service tracking #: 7004 1160 0000 9054 6573.

4. On January 3, 2011 Plaintiff contacted the OGC via legal call through his Unit team, whereas, the OGC confirmed that Plaintiff has the correct address, but they never received neither of the requests. On that said date, Plaintiff made an inmate request to Warden Zych at Lee County Penitentiary to preserve all calls requested in reference that these calls would not be purge from the ITS system until the resolution of FOIA suit. On January 14, 2011 this request was resolved and all the foregoing calls in ¶ 1, 2, & 3 was preserved by Special Investigator Agent "SIA") B. Laster.

2

5. After contacting the Mid-Atlantic Reginal Office ("MARO") as a follow up to find out if Plaintiff's requests might have been forwarded to the MARO. It was confirmed in the negative. Plaintiff was then instructed to send his request attentioned to Mathew Melady at the MARO. On January 7, 2011 Plaintiff consolidated the foregoing requests and forwarded to Mr. Melady, attached was Certificates of Identity confirming that Ms. Baker & Ms. McMillan authorized that these phone calls be released to Plaintiff.

6. On January 25, 2011 the MARO returned Plaintiff's request and instructed that it be forwarded to the OGC.

7. On January 31, 2011 Plaintiff forwarded the same request to the OGC with the cover letter from the MARO and letter confirming that this will be Plaintiff's fourth request. See United States Postal Service delivered at 8:35am on February 07, 2011, tracking #: 7004 1160 000 9054 6634, and return receipt signed by C. Tapp on February 07, 2011.

8. After contacting the OGC by phone and confirming that as of on or about February 26, 2011 the OGC has not received any request from Plaintiff. Plaintiff sent another identical request, with attached Certificates of Identity confirming that Ms. Baker and Ms. McMillan authorized these phone calls to be released to Plaintiff. See United States Postal Service delivered at 9:56am on March 4, 2011, tracking #: 7007 2680 000 8283 7972, and return receipt signed by C. Tapp on March 4, 2011.

9. On April 5th, 2011 after receiving no response from the OGC, Plaintiff did an administrative appeal to the Office of Information and Policy ("OIP"), U.S. Department of Justice, 1425 New York Ave, NW, Suite 11050, Washington, DC 20530. This appeal contained a brief detailed letter of Plaintiff's several attempts to gain the OGC to address his FOIA request, but was unsuccessful, and an identical copy of the FOIA request.

10. On April 19, 2011 the OIP responded stating "[t]his responds to your letter dated April 5, 2011, in which you attempted to appeal from the failure of the Federal Bureau of Prisons (BOP) to respond to your request for access to records pertaining to yourself...As no adverse determination has yet been made by BOP, there is no action for this office to consider on appeal...**As a courtesy to you, this office has forwarded your request to BOP, you may appeal any further determination made by BOP.** If you would like to inquire about the status of your request, please contact BOP directly."

11. On May 13, 2011 at 10:30am, Plaintiff spoke with Kimberly Blow at the OGC phone #: 202-514-3062 who confirmed that they have not received any request from Plaintiff going back as far as November of 2010, and has not received the request that was forwarded to the OGC by the OIP on April 19, 2011.

12. As of this 11th day of July 2011, Plaintiff has not recieved a response from the OGC which is in violation of 5 U.S.C. § 552(a)(6)(A)(i) at lease on five different occasions, therefore Plaintiff is deemed to have exhausted his administrative remedies because of the agency's tardiness, and gives Plaintiff jurisdiction to bring suit pursuant to 5 U.S.C. § 552(a)(6)(C).

13. The phone calls requested to Ms. Baker at phone #: 704-713-2385 on the Inmate Telephone Services is as follows: **1.** 10/14/2010 at 11:34am; **2.** 10/14/2010 at 2:56pm; **3.** 10/14/2010 at 4:56pm; **4.** 10/14/2010 at 6:30pm; **5.** 10/20/2010 at 10:00am; **6.** 10/21/2010 at 8:16pm; **7.** 10/22/2010 at 4:52pm; **8.** 10/22/2010 at 8:55pm; **9.** 10/23/2010 at 11:12am; **10.** 10/23/2010 at 12:04pm; **11.** 10/26/2010 at 6:08pm; **12.** 11/6/2010 at 7:30pm; **13.** 11/7/2010 at 5:42pm; **14.** 11/8/2010 at 7:29pm; **15.** 11/9/2010 at 5:35pm; **16.** 11/13/2010 at 12:22am; **17.** 11/13/2010 at 6:42pm; **18.** 12/6/2010 at8:14pm; and **19.** 12/10/2010 at 6:01pm.

4

14. The phone calls requested to Ms. McMillan to phone #: 518-381-3903 on the Inmate Telephone Services is as follow: **1.** 12/2/2010 at 7:06pm; and **2.** 12/03/2010 at 9:46am.

## II. EOUSA FOIA REQUEST

1. By letter dated April 5, 2011, Plaintiff requested through the provisions of FOIA for his entire case file pursuant to his criminal case no. 7:07-CR-00006 (United States V. Nichols) adjudicated in the United States District Court for the Western District of Virginia (Roanoke Division). See United States Postal Service delivered at 10:49am on APril 11, 2011, tracking #: 7004 1160 0000 9054 6641.

2. On May 23, 2011 Plaintiff inquired by letter, as to the reason why he did not gain a response pertaining to his initial request on April 5th, 2011.

3. As of this 11th day of July 2011, Plaintiff has not received a response from the EOUSA, which is in violation of 5 U.S.C. § 552(a)(6)(A)(i), therefore Plaintiff is deemed to have exhausted his administrative remedies because of the agency's tardiness and give Plaintiff jurisdiction to bring suit pursuant to 5 U.S.C. § 552(a)(6)(C).

## III. ATF FOIA REQUEST

1. By letter dated February 3, 2010, Plaintiff requested through the provision of FOIA, several investigative reports from the EOUSA that should be labeled as report number 1, 2, and 3, and also the Ronaoke Police Department investigative reports that led to the creation of these reports.

2. Plaintiff also requested by assertion because of being informed by an inmate name Byron Brandon that he (Brandon) was interviewed by the government pertaining to Plaintiff's case, to whereas he exculplated Plaintiff of his current charges. In support of Plaintiff's

request he confirmed that Mr. Brandon's criminal history (NCIC) and picture was enclosed in Plaintiff's discovery and he was also implicated as part of the conspiracy with Plaintiff by the government and their witnesses during trial, but the statement(s) in question was concealed from Plaintiff and his Attorney.

3. On May 28, 2010 the EOUSA confirmed by mail that "our office located records that originated with another government component. These records were found in the U.S.Attorney's office files and may or may not be responsive to your request. These records will be referred to the component(s) list for review and direct response to you: Bureau of Alcohol, Tobacco, Firearms, and Explosived (ATF).

4. On June 9th, 2010 the ATF responded to the forwarded documents--assigning reference #: 10-926-jmp--stating "while processing your FOIA Request, ten pages that originated with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) were located and referred to this Office for disclosure determination and direct response to you...As of this date, June 8, 2010, the field office advised us that the investigation is open and ongoing. Therefore we must deny your request pursuant to Title 5 U.S.C. 522(b)(7)(A)-investigatory records complied for law enforcement purposes, the production of which could interfere with enforcement proceedings."

5. On July 6th, 2010, Plaintiff appealed the ATF's decision which was assigned appeal number: 2010-2587. In Plaintiff's appeal he requested that "any segregable portions of the records shall be provided to any person requesting such records after deletion of the portions which are exempted under the subsection setting forth the exemption 5 U.S.C. § 552(b)."

6. On October 21, 2010 the ATF affirmed the ATF's action never requesting the ATF to review if any portions of the documents can be segregated for disclosure to Plaintiff.

6

7. In **Trans-Pacific, 177 F.3d 1022, 1027-29 (D.C. Cir. 1999)** the Court held "after concluding that the district Court had an affirmative duty to consider sua sponte whether the agency could have segregated the exempt portions of the requested records despite the Plaintiff's failure to expressly suggest such action, we remand the case because, otherwise the Plaintiffs could file another, more specific FOIA Request, which would merely result in a new lawsuit, waisting time, expense, and judicial resources.

8. In the ATF's response in ¶ 4, Plaintiff request was denied because the field office asserted that the release of the requested records will interfere with enforcement proceedings. After a careful review of substantial case law, Plaintiff discovered that the foregoing exemption is usually utilized when the requester has a direct appeal pending, and the requested document(s) is connected with his pending appeal, wherefore, exemption 7(A) would then apply to the documents. Which would be consistant with the ATF's denial on January 8, 2010, where Plaintiff's direct appeal was pending in the Fourth Circuit Court of Appeals at that time.

9. On June 21, 2011 the Fourth Circuit affirmed Plaintiff's conviction and sentencing on rehearing en banc. See **United States V. Nichols, 08-4739 (4th Cir. June 21, 2011).** Because of the instant change in Plaintiff's circumstances (appeal), this Court should order the defendant to make the records available to Plaintiff whereas exemption 7(A) no longer applies-there is no "enforcement proceedings" pending with which release of the requested documents could interfere.

### IV EOUSA FOIA REQUEST

1. By letter dated June 1st, 2010--which was assigned request #: 2010-2168--Plaintiff requested through the provisions of FOIA for all statement from interviews of Mr. Danny Lee Clement (case no. 5:06-CR-00030) that was produced to the agent(s) or prosecutor(s) in his case, pertaining to [Plaintiff] (Nyron Nichols). While Mr. Clement investigation was

7

ongoing he was interviewed pertaining to Plaintiff by the government in North Carolina, after thorough researching Plaintiff has discovered the leading officer of Clement's investigation was Agent David Ramsey who works for the U.S. Attorney's Office in Charlotte North Carolina.

2. Plaintiff also gave specific address, telephone #s, e-mail address to the U.S. Attorney who presided over Clement's case and his defense Attorney, to help the EOUSA locate any statements, reports, rough notes, 302's, FBI statements, ATF statements, etc., that pertaining to Plaintiff that's in possession of the aforementioned office, Court in North Carolina, or by the agents that handled Mr. Clement's case in North Carolina.

3. On July 22, 2010 this request (request number: 2010-2168) was denied, stating "the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the privacy disclosure to section (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552."

4. On August 2nd, 2010, Plaintiff appealed, alleging that the 552(b)(6) and (b)(7(C), exemption was improperly invoked because Plaintiff only requested information pertaining to himself and the exemption cannot be invoked as a blanket exemptions for information pertaining to himself.

5. Plaintiff further explained that he's well aware that third parties identity, names, aliases, addresses, other third parties mentioned in interviews, S.S. #s, telephone #s, date of birth, arrest numbers, personal characteristics, special agents identities and/or maintaining the investigative activities reported in files/documents responsive to Plaintiff's request could meet the threshold requirements of exemption (b)(6) and (b)(7)-(C) protection, but it is clear Plaintiff requested only information pertaining to him that lie in statements and/or investigative report(s) produced to the government by Danny Lee Clement.

6. Furthermore, Plaintiff's asserted that during trial Clement testified and was thoroughly examined and cross-examined on all dealings he had with Plaintiff, from him initially meeting Plaintiff in 1990 until he departed from Plaintiff in 2005. The records requested would contain the same material Clement testified to. See Plaintiff's criminal case no. 7:07-CR-00006, transcript of trial proceeding on December 18, 2007 at doc. 170, filed on 10/01/2008 pp. 7-106 (Clement's testimony).

7. Plaintiff also asserted that the EOUSA is not entitled to invoke the (b)(7)(C) exemption to the requested records because "similar ones" had already been disclosed during Plaintiff's trial...when exempted information has been released such that there is a permanent public record of that information, the exemption is no longer effective. Under the "public domain doctrine," material normally immunized from disclosure under FOIA loses their protection cloak once disclosed and preserved in a permanent public record.

8. Plaintiff then request any "reasonable segregable," information in the requested documents.

9. The OIP assigned appeal #: 2010-2887 and on September 27, 2010 affirmed the EOUSA action on partly modified grounds stating "please be advised the EOUSA did not conduct a search for the requested records. To the extent that such records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7(C)."

10. The EOUSA and the OIP both violated the FOIA statute because neither agency investigated or inquired to find out if the requested information in any statement produced by Clement pertaining to Plaintiff, is similar or identical to the information produced by Clement during Plaintiff's trial, and furthermore if any of the requested material was "reasonable segregable."

## V. EOUSA FOIA REQUEST

1. By letter dated June 3rd, 2010--which was assigned request #: 10-2167,--Plaintiff requested through the provisions of FOIA, statements or information that was given to the government by Byron Lamont Brandon pertaining to Plaintiff. He confirmed that the government interviewed Mr. Brandon between the time frame of 10/31/2007 to 12/17/2007, and also assumed that another interview could have occurred during the time frame of 12/17/2007 to 7/30/2008.

2. The statement requested is assumed to be exculpatory in nature, confirming that "[Brandon] has never seen [Plaintiff] with narcotics or have ever been involved in any narcotic dealings with [Plaintiff].

3. Mr. Brandon was identified by several government witnesses as a conspirator in the conspiracy Plaintiff was convicted of, and also implicated in incriminating activities by the government and it's witnesses during Plaintiff's trial. Furthermore, the government placed Mr. Brandon's Picture and criminal history (NCIC) in Plaintiff's discovery but concealed his statement(s) from Plaintiff and his Counselor.

4. Plaintiff provided the EOUSA with his Prosecutor's contact information who prosecuted his case, who whould have Brandon's statement(s) in his possession. Plaintiff requested all investigative reports, rough notes, 302 reports, FBI Investigative reports, etc. that was created pursuant to Mr. Brandon being interviewed in reference to Plaintiff's case and his person.

5. In July 26, 2010 the EOUSA denied Plaintiff's request stating "the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. § 552a. These records are also generally exempt from disclosure pursuant to section (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552."

6. On August 2nd, 2010 Plaintiff appealed, and the OIP assigned appealed #: 2010-2886. The OIP affirmed the EOUSA action, on partly modified grounds, whereas, "they advised the EOUSA did not conduct a search for the requested records. To the extent that such records exist, without consent, proof of death, official acknowledgement of an investigation, or an overridding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C)."

7. Plaintiff in his appeal addressed the fact that he only requested information that pertain to his person from any interviews conducted with Mr. Brandon and the government, and if the entire record are exempted please release any "reasonable segregable" information in such records. Plaintiff reiterated the same reason used in Clement's request, why such exemptions don't apply, see pages 8 & 9 of this petition.

8. In reference to the foregoing Plaintiff asserts that the EOUSA and the OIP is in violation of the FOIA statute, whereas, they never attempted to locate the records to see if any of the information relating to plaintiff was "reasonable segregable."

## VI. ATF FOIA REQUEST

1. By letter dated December 5, 2008, Plaintiff requested through the provision of FOIA for specific records pertaining to his criminal case which was assigned request #: 09-292.

2. On December 10, 2008 the ATF denied Plaintiff's request stating "At this time your request is denied pursuant to Title 5 U.S.C. § 552(b)(7)(A)-investigatory records complied for law enforcement purposes, the production of which can interfere with enforcement proceedings."

3. Plaintiff appealed to the OIP, which was assigned appeal no. 09-0915, to whereas the OIP affirmed the ATF's action, with the same decision given by the ATF.

4. As of this denial Plaintiff direct appeal was pending, but on June 21, 2011 the Fourth Circuit Court of Appeals has affirmed Plaintiff's conviction and sentence on rehearing en banc. See **United States V. Nichols, 08-4739 (4th Cir. June 21, 2011).** Because of the instant change in Plaintiff's circumstances (appeal), this Court should order the defendant to make the records available to Plaintiff whereas exemption 7(A) no longer applies--there is no "enforcement proceedings" pending with which release of the requested documents could interfere.

## VII. ATF FOIA REQUEST

1. By letter dated September 16, 2010, Plaintiff requested through the provision of FOIA specific records pertaining to his criminal case and his person. In Plaintiff's request, he specifically requested a full report, pertaining to a laboratory report that was created by the Firearm Technology Branch in Martinsburg in West Virginia. Plaintiff also request clear full size color photos generated from the examination of the object examined pursuant to this report.

2. Second Plaintiff request a laboratory that would be labeled as exhibit no. 1 from the Mid-Atlantic Laboratory in Largo Maryland pertaining to Plaintiff's criminal case.

3. On September 22, 2010 the AFT responded stating that Plaintiff has made several request pertaining to file number 09-292, which was eventually appealed by Plaintiff. The ATF then points to several letters by Plaintiff that inquired into the status of his FOIA request, that was then classified as separate FOIA requests, furthermore the ATF points to a mistake made by their office by reassigned another request # to request 09-292.

4. Because of the foregoing the ATF refused to address Plaintiff's September 16, 2010 request. In other words Plaintiff sent several inquiry letters to the status of his request whereas the ATF mistakenly gave them new request numbers, and used their mistakes in an effort to not address Plaintiff's request. Plaintiff now request this Court to order the ATF to address his September 16, 2010 request.

WHEREFORE, pertaining to all the foregoing requests, Plaintiff respectfully request of this Honorable Court:

(1) Declare that the Defendants refusal to disclose the withheld records is unlawful;

(2) That the Defendants failure to fulfill its statutory duties as required by the FOIA is in violation of Congress intent and statutory purposes of the FOIA;

(3) Order the Defendants to make the records available to Plaintiff;

(4) Award Plaintiff and this Honorable Court reimbursement for the cost of this action; and

(5) Grant such other and further relief as this Honorable Court may deem just and proper.

I, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

RESPECTFULLY SUBMITTED

/s/: Nyron Nichols

NYRON NICHOLS 12484-084 UNIT E
U.S.P.LEE
P.O.BOX 305
JONESVILLE, VA 24263

Dated: July 11th, 2011

13

## CERTIFICATE OF SERVICE

I, NYRON NICHOLS declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that on this _11th_ day of July, I placed a true and correct copy of the foregoing in the institutional mail room at U.S.P.LEE County Penitentiary, first class mail to the following parties:

OFFICE OF GENERAL COUNSEL (OGC)
ATTN: FOIA SERVICE CENTER
320 FIRST STREET, N.W.
WASHINGTON, DC 20534

BUREAU OF ATF
DISCLOSURE DIVISION
99 NEW YORK AVENUE, SUITE 1E400
WASHINGTON, DC 20226

FOIA/PRIVACY STAFF
EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
600 E. STREET, NW, ROOM 7300
WASHINGTON, DC 20530


RESPECTFULLY SUBMITTED

/s/: _Nyron_

Dated: July _11th_, 2011

NYRON NICHOLS 12484-084   UNIT E
U.S.P.LEE
P.O.BOX 305
JONESVILLE, VA 24263

14