SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NYRON NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-1357 (RLW) |
| ) | |
| ) | |
| OFFICE OF GENERAL ) | |
| COUNSEL *et al*. ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM OPINION**[1]

In what remains in this FOIA action, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has proffered evidence about its search for records and has renewed its motion for summary judgment. Def. ATF's Renewed Mot. for Summ. J. [Dkt. # 32]. *See* Order [Dkt. # 29] (granting summary judgment to ATF on its claimed exemptions and denying summary judgment on the search question). Plaintiff has opposed the instant motion, Consolidated Opp'n to Def.'s Mot. for Summ. J., Statement of Material Facts as to Which a General Issue Exist, & Mem. of P. & A. in Support of Pl.'s Opp'n in Affidavit Form [Dkt. # 34],

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the res judicata, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

and ATF has replied. Def.'s Reply Per the Court's Order of Aug. 23, 2013 [Dkt. # 39]. Upon consideration of the parties' submissions and the relevant parts of the record, the Court will grant ATF's renewed motion for summary judgment and will now enter judgment for the defendants on all claims.

## LEGAL STANDARD

An agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Intern. Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (other citations omitted). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.* (citing *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citations omitted).

"Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena* , 180 F.3d at 326 (citing *Founding Church of Scientology v. Nat'l Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). However, "the [single] fact that a particular document was not found does not

demonstrate the inadequacy of a search." *Boyd v. Crim. Div. of U.S. Dept. of Justice*, 475 F.3d 381, 390 -391 (D.C. Cir. 2007) (citations omitted).

## DISCUSSION

Plaintiff questioned the adequacy of ATF's search because the records he received did not include a specific lab report and related documents "that would be labeled as exhibit no. 1 . . . ." Mem. Op. [Dkt. # 28] at 12. The Court denied ATF's initial summary judgment motion in part because it had provided no evidence to permit a meaningful assessment of its search. *Id*. In support of the instant motion, ATF has proffered the Second Declaration of Peter J. Chisholm [Dkt. # 32-3], who adequately describes the filing systems that were searched and the search methods employed. *See id*. ¶¶ 4-8. Chisholm explains that any responsive records were most likely to be found in the TECS database because it "contains the names of the individuals ATF has investigated," *id*. ¶ 6, and a search by plaintiff's full name indeed located plaintiff's "Criminal Investigation Number" and responsive records. *Id*. ¶ 8.

As to the alleged missing exhibit, Chisholm agrees that while ATF's release included "various" DEA lab reports that "begin with the designation 'Exh. No. 2' and continue sequentially to 'Exh. No. 6,' " it did not include " 'Exh. No. 1.' " *Id*. ¶ 10. During the course of this litigation, ATF conducted an additional search but "the case agent confirmed that ATF does not possess a copy of 'Exh. No. 1,' to the extent that such a report ever existed." *Id*. Defendant subsequently discovered that Exhibit 1 was "collected as part of a prior investigation" but was destroyed "pursuant to agency destruction of property policy" on March 28, 2005, after the investigation was closed, and approximately five years before plaintiff submitted his FOIA request in September 2010. Decl. of Stephanie M. Boucher ¶¶ 6-7 [Dkt. # 39-1].

An agency satisfies its disclosure obligations under the FOIA when it has conducted an adequate search and released all non-exempt responsive records in its control at the time of the FOIA request. *See Judicial Watch v. U.S. Secret Serv*., --- F.3d. ---, No. 11-5282, 2013 WL 4608141, at *5 (D.C. Cir. Aug. 30, 2013) ("[T]he term 'agency records' extends only to those documents that an agency both (1) create[s] or obtain [s], and (2) control[s] . . . at the time the FOIA request [was] made.") (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989)) (internal quotation marks omitted) (alterations in original). The Court finds that ATF conducted an adequate search for responsive records and is now entitled to summary judgment. A separate final order accompanies this Memorandum Opinion.

_____
ROBERT L. WILKINS
United States District Judge

Date: September 25, 2013